**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 24-cv-01285-NYW-KAS

APARTMENT INCOME REIT CORP.,

Plaintiff,

v.

CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. B0713MEDTE2202301, and
EVEREST NATIONAL INSURANCE COMPANY,

Defendants.

---

**ORDER**

---

This matter is before the Court on the Forthwith Motion to Strike Defendant Underwriters' Motion for Summary Judgment (the "Motion to Strike"), [Doc. 319], and Underwriters' Forthwith Motion to Allow Submission of Revised Motion for Summary Judgment (the "Motion to Refile"), [Doc. 322]. The Motions are fully briefed and ripe for resolution. For the reasons explained below, the Motion to Strike and the Motion to Refile are both **GRANTED**.

This case arises out of an insurance coverage dispute between Plaintiff Apartment Income REIT Corp. ("Plaintiff" or "AIR") and its insurers, Defendants Certain Underwriters at Lloyd's London Subscribing to Policy No. B0713MEDTE2202301 ("Underwriters") and Everest National Insurance Company. *See generally* [Doc. 273]. In late 2025 and early 2026, all Parties filed motions for summary judgment (or partial summary judgment). *See*

[Doc. 130; Doc. 156; Doc. 189].[1] On April 6, 2026, the Honorable Kathryn A. Starnella granted Plaintiff leave to redesignate its rebuttal claims-handling expert as an affirmative expert. [Doc. 265 at 1]. In so doing, Judge Starnella granted the Parties leave to supplement their summary judgment motions to address the redesignation. [*Id.* at 1–2].

On April 8, 2026, noting that the number and length of the filings in this case has been "exceptionally voluminous," this Court concluded that it was "appropriate to require each Party to submit all of their arguments, including any new arguments arising out of Plaintiff's redesignation of its rebuttal expert, in a single summary judgment motion, which will assist both the Court and the Parties in the efficient resolution of the Parties' summary judgment arguments." [Doc. 267]. The Court denied the pending summary judgment motions without prejudice and ordered the Parties to refile their motions for summary judgment to "incorporate any new arguments necessitated by Plaintiff's redesignation of its expert." [*Id.* (emphasis omitted)]. After AIR sought clarification of the Court's directive, *see* [Doc. 303], on July 21, 2026, the Court stated that the Parties could also incorporate arguments necessitated by the new claim for exemplary damages, [Doc. 308 at 1]. The Court also ordered each Party to "submit with its motion for summary judgment a certificate of compliance stating that any new arguments were necessitated by the redesignation of the expert witness or the addition of the exemplary damages." [*Id.* at 2].

Relevant here, Underwriters filed its amended summary judgment motion on July 27, 2026. [Doc. 317 (the "Underwriters MSJ")]. Days later, on July 30, 2026, Plaintiff filed

[1] Throughout this litigation, the Parties have regularly filed documents under restriction, accompanied by publicly filed redacted versions of those documents. For ease of reference, the Court cites to the public, redacted versions of all filings unless otherwise indicated. At all times, the Court cites to the page numbers generated by the CM/ECF system rather than the page numbers assigned by the Parties.

its Motion to Strike. [Doc. 319]. Plaintiff requests that the Court to strike the Underwriters MSJ on the grounds that "most of [Underwriters'] changes [to the Underwriters MSJ] fall outside the narrow procedural developments for which the Court permitted new argument." [*Id.* at 1–2]. The next day, on July 31, Underwriters filed the Motion to Refile, asking the Court to "allow [it] to file a revised Motion for Summary Judgment . . . due to ongoing disputes with [Plaintiff] regarding [the Underwriters MSJ]." [Doc. 322 at 1]. Both Motions are opposed. *See* [Doc. 341; Doc. 345].

In the Motion to Strike, Plaintiff accuses Underwriters of substantially reworking its original motion, including raising new arguments, rewriting arguments, and citing new legal authority. [Doc. 319 at 3–4]. Underwriters responds that it complied with the Court's directives because all of the changes it made were necessitated by the expert redesignation and the new demand for exemplary damages; it says that, to address these new issues within the page limitations, it was required to "eliminat[e] parts of arguments, remov[e] certain facts, and revis[e] existing arguments to make room for the additional evidence and arguments." [Doc. 341 at 5].

The Court has reviewed the Parties' arguments and has extensively compared the Underwriters MSJ, [Doc. 317], to Underwriters' original summary judgment motion, [Doc. 189]. The Court has also reviewed the Mosley Report, [Doc. 341-1], and the red-lined document submitted by Plaintiff that compares the original motion and the renewed Underwriters MSJ, [Doc. 319-2]. The Court acknowledges that, at a first glance, the revisions appear extensive, but upon closer inspection, the red-lined document *somewhat* overstates the revisions made. For example, some portions of the original motion were simply moved to a different place within the motion, and—like Underwriters states—some

of the "rewritten" arguments identified by Plaintiff remain substantively the same across the two documents. *Compare, e.g.*, [Doc. 189 at 23–27], *with* [Doc. 317 at 23–25]; *compare* [Doc. 189 at 37–38], *with* [Doc. 317 at 33–34]; *compare* [Doc. 189 at 38–39], *with* [Doc. 317 at 36–37].

With that said, the Court also agrees with Plaintiff that Underwriters made revisions that cannot plausibly be traced to the redesignation of the expert or the demand for exemplary damages, and Underwriters has provided no justification for those revisions in its response brief. The Court discusses these revisions, including which revisions must be stricken, below. Any portions not expressly discussed below will not be stricken.

***Reliance on New Legal Authority.*** Plaintiff points out that Underwriters cites a wide array of new legal authority that did not appear in its original motion. [Doc. 319 at 4]. While Underwriters directs the Court to cases that were consistent across its two motions, *see, e.g.*, [Doc. 341 at 7], Underwriters fails to explain the large majority of its new citations to legal authority. For example, the Underwriters MSJ contains a significant amount of newly cited cases setting out standards for bad faith claims and unreasonable conduct. *Compare* [Doc. 189 at 38], *with* [Doc. 317 at 35–36]. Underwriters attempts to explain this away by saying that Plaintiff's expert applies a "third-party standard" for bad faith claims that "does not apply in first-party cases," so it needed to "address[] the[] differences between first[-] and third[-]party liability standards directly in response" to the new expert report. [Doc. 341 at 10]. This statement, however, does not provide any explanation for Underwriters' more robust recitation of bad-faith legal authority, and it does not persuade the Court that these changes were necessitated by the redesignation. Furthermore, Underwriters cites new authority to support its position that Plaintiff's delay

in providing notice of the claim was unreasonable as a matter of law. *See* [Doc. 317 at 20–21]. Underwriters does not explain why the inclusion of this new authority—which *expands* Underwriters' argument instead of "condensing" it—was necessitated by the redesignation or the claim for exemplary damages. [Doc. 341].[2]

The Court finds that Underwriters failed to comply with the Court's order by including new legal authority that was not in its original motion and was not necessitated by the redesignation of the expert (or the demand for exemplary damages). With that said, the Court must follow, apply, and cite to applicable authority, regardless of whether that authority is cited in the Parties' briefs. And because the Court's primary concern is the inclusion of new substantive arguments, not the inclusion of new legal authority, the Court respectfully declines to expend its scarce judicial resources[3] parsing the Underwriters MSJ line by line to determine whether each new citation is plausibly traced to the changes in this litigation. Accordingly, although the Court does conclude that Underwriters' inclusion of new legal authority clearly violated the Court's orders and runs afoul of Underwriters' certification, the Court reluctantly declines to strike all references to new legal authority.

***Excuse for Plaintiff's Delay in Notice.*** In both the original motion and the Underwriters MSJ, Underwriters discusses Plaintiff's delay in giving Underwriters notice of the claim. *See* [Doc. 189 at 21; Doc. 317 at 20]. But starting on page 21 of the Underwriters MSJ, Underwriters asserts a new argument that Plaintiff "cannot present a

---

[2] These examples are not exhaustive.

[3] In 2025, a record 4,234 civil cases were filed in the District of Colorado, up from 3,617 cases filed in 2024. The District surpassed 2025's total number of civil cases in early September and is currently on pace for over 6,900 civil cases in 2026.

valid excuse for its delay" in notifying Underwriters about the insurance claim. [Doc. 317 at 21–22]. This sub-argument was not presented in the original motion, *see* [Doc. 189 at 21–22], and Underwriters does not explain why this sub-argument was necessitated by the redesignation of the expert, *see* [Doc. 341].

***Privacy Coverage.*** Starting on page 25 of the Underwriters MSJ, Underwriters raises an argument about the alleged unauthorized use of data in the context of privacy coverage. *See* [Doc. 317 at 25–26].[4] This argument was not raised in the original motion, *see* [Doc. 189], and Underwriters does not explain how this new argument—which relates to coverage—was necessitated by the redesignation or the claim for exemplary damages, *see* [Doc. 341].[5]

***Reliance on Counsel.*** Underwriters argues in the Underwriters MSJ that it acted reasonably because it relied on advice of counsel. [Doc. 317 at 37–39, 43 (Underwriters arguing that its position was objectively reasonable because it relied on counsel)]. This developed argument, supported by legal authority and additional factual assertions, was not raised in the original motion; rather, Underwriters argued in a single sentence that it "retained coverage counsel to analyze the Policy and the Antitrust Litigation and relied on counsel when denying coverage." [Doc. 189 at 40]. Underwriters does not argue that this change was necessitated by the new expert report. [Doc. 341]. Moreover, given that the Underwriters MSJ *expanded* the argument originally asserted, there is no plausible

[4] Because portions of this argument have been redacted in public versions of filings, the Court does not quote the language directly.

[5] Instead, it appears that these new arguments were raised in response to assertions made in Plaintiff's response to Underwriters' original motion for summary judgment. *See* [Doc. 228]. This is bolstered by the fact that Underwriters expressly makes this argument "[t]o the extent AIR contends…" and later references "AIR's arguments" and "AIR's theory" of coverage. *See* [Doc. 317 at 25–26].

basis to conclude that this new assertion arose through "condensing the arguments" raised in the original motion. *See* [*id.* at 2].

"The Court has inherent power to enter sanctions for violations of Court orders." *EEOC v. JBS USA, LLC*, 301 F.R.D. 586, 593 (D. Colo. 2014). "[A] court may strike material from the docket, including portions of a document, reflecting procedural impropriety or lack of compliance with court rules or orders." *Jones v. Metro. Life Ins. Co.*, No. 08-cv-03971-JW-DMR, 2010 WL 4055928, at *6 (N.D. Cal. Oct. 15, 2010). Because the Underwriters MSJ failed to comply with the Court's orders, the Motion to Strike is **GRANTED**. The Court finds it appropriate to order Underwriters to refile its motion after excising the violative portions identified above. As such, the Motion to Refile is also **GRANTED**.

Underwriters shall refile its summary judgment motion—the Underwriters MSJ docketed at Doc. 316 and Doc. 317—after <u>excising all portions</u> of the motion that were included in violation of the Court's orders. In other words, these portions of the Underwriters MSJ must be deleted and nothing can be inserted in their place. For purposes of clarity, the Court expressly identifies the portions that must be excised as follows:

| | |
|---|---|
| ***Excuse for Plaintiff's Delay in Notice*** | The language starting "Moreover, AIR cannot . . ." and ending "as to equitable estoppel.')" must be excised. [Doc. 317 at 21–22]. |
| ***Privacy Coverage*** | The language starting "To the extent AIR contends . . ." and ending "do not trigger coverage" must be excised. [*Id.* at 25–26]. |
| ***Reliance on Counsel*** | The language starting with "KSW analyzed . . ." and ending "provided an analysis of the typographical error. (¶¶ 44–46.)" must be excised. [*Id.* at 37–38]. The entirety of Section IV.C, titled "Underwriters Relied on Competent Coverage Counsel," must be excised. [*Id.* at 38–39]. |

**Underwriters shall not make *any* additional revisions to its motion aside from changing the filing date and any similar administrative components. Failure to comply with this Order will result in the Court striking the entirety of the renewed motion without leave to refile.** Underwriters' renewed motion for summary judgment shall be filed no later than **November 12, 2026**. Plaintiff's response shall be filed by **December 3, 2026**, and Underwriters' reply shall be filed by **December 17, 2026**.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Forthwith Motion to Strike Defendant Underwriters' Motion for Summary Judgment [Doc. 319] is **GRANTED**;

(2) Defendant Underwriters' Motion for Summary Judgment [Doc. 316; Doc. 317] is **STRICKEN** for failure to comply with the Court's April 8, 2026 and July 21, 2026 orders;

(3) Underwriters' Forthwith Motion to Allow Submission of Revised Motion for Summary Judgment [Doc. 322] is **GRANTED**;

(4) On or before **November 12, 2026**, Underwriters shall file a renewed summary judgment motion that excises the portions of the Underwriters MSJ that have been stricken by this Court. **Failure to comply with this Order will result in the Court striking the entirety of the renewed motion without leave to refile**; and

(5) Plaintiff's response to the forthcoming motion shall be filed by **December 3, 2026**, and Underwriters' reply shall be filed by **December 17, 2026**.

DATED: November 5, 2026

BY THE COURT:



Nina Y. Wang
United States District Judge